UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHNNY C. RICHARDSON,

    Plaintiff,

vs.

SIMON L. LEIS,

    Defendant.

Case No. 1:08-cv-600

Barrett, D.J.
Black, M.J.

### REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 30) BE GRANTED; ALL OTHER PENDING MOTIONS BE DENIED AS MOOT; AND THIS CASE BE CLOSED

Plaintiff is an inmate who brings this *pro se* action pursuant to 42 U.S.C. § 1983. On September 9, 2008, Plaintiff filed his complaint against Hon. William L. Mallory, Judge of the Hamilton County Court of Common Pleas, and Simon L. Leis, Jr., Sheriff of Hamilton County, Ohio. This Court, on October 7, 2008, ordered that Judge William L. Mallory be dismissed from this action due to the absolute immunity afforded judges functioning within their judicial capacity. Currently, this action has only one named Defendant, Sheriff Simon L. Leis, Jr.

The case is presently before the Court on Defendant Leis' motion for summary judgment (Doc. 30) and the parties' responsive memoranda (Docs. 32, 34) and supplemental pleadings (Docs. 37 & 40).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

# I. BACKGROUND

Plaintiff's allegations stem from a period of time in which he was serving a jail sentence under case number B0609384 in the Hamilton County Justice Center. (*See* Doc. 30, Ex. A, incarceration instance number 18, 6/20/2007 through 11/8/2007). Plaintiff alleges that Judge Mallory and Sheriff Leis held Plaintiff in the Hamilton County Justice Center for approximately four months beyond his alleged "out date."

In August 2007, Plaintiff filed a motion for credit of time served with respect to case number B0609384. (Doc. 6, Ex. 2, unnumbered p. 8). Judge Mallory found Plaintiff's motion to be well-taken and granted Plaintiff credit for time served pre-sentencing - totaling 194 days of credit as of the date of sentencing. (*Id.* at 13). Judge Mallory's Order was entered on September 26, 2007. (*Id*).

Plaintiff was released from that incarceration on November 8, 2007. Thereafter, on July 3, 200**8**, during Plaintiff's incarceration under a new sentence for a new crime, Plaintiff filed a grievance seeking to be compensated for allegedly over-serving his previous sentence. (Doc. 30, Ex. Schmitz Aff. ¶ 8). Plaintiff's grievance was denied because "this conviction was for last year." (Doc. 6-1, page 8). Plaintiff did not appeal this disposition of his grievance. (Doc. 30, Ex. Schmitz Aff. at ¶ 10).

The inmate grievance policy of the Hamilton County Justice Center provides that inmates have a 15 day window in which to file a grievance with respect to a potential grievable incident. (Doc. 30, Ex. A). The inmate grievance policy also provides that an inmate may appeal the disposition of a grievance within 10 days of the disposition. (*Id).*

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986).

"Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment - rather, all facts must be viewed in the light most favorable to the non-moving party." *Id*.

A party may move for summary judgment on the basis that the opposing party will not be able to produce sufficient evidence at trial to withstand a motion for judgment as a matter of law. *See Celotex*, 477 U.S. at 323. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id*.

As held in *Celotex*, this "burden on the moving party may be discharged by 'showing'- that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325. Thus:

> regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied. One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses[.] *Id.* at 323-324.

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### III. ANALYSIS

In his motion for summary judgment, Defendant Leis first argues that Plaintiff has failed to exhaust his administrative remedies, and that the time for initiating the grievance procedures has expired. As a result, Defendant argues that Plaintiff is precluded from bringing his claims in this Court, and that summary judgment is proper as a matter of law. The undersigned finds this argument dispositive.

Under 42 U.S.C. § 1997e, a prisoner confined in any jail, prison or other correctional facility may not bring an action under 42 U.S.C. § 1983, or any other federal law, "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006), the Supreme Court held that to properly exhaust administrative remedies, prisoners must comply "with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Furthermore, "the 'applicable procedural rules' that a prisoner must exhaust are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, "[c]ompliance with prison grievance procedures . . . is required by the PLRA to 'properly exhaust.'" *Id*. at 922-923.

As noted above, the inmate grievance policy of the Hamilton County Justice Center provides that inmates have a 15 day window in which to file a grievance with respect to a potential grievable incident.[2] (Doc. 30, Ex. A). The inmate grievance policy also provides that an inmate may appeal the disposition of a grievance within 10 days of the disposition. (*Id).*

Here, Plaintiff was incarcerated at the Hamilton County Justice Center between June 20, 2007 and November 8, 2007. (Doc. 30, Ex B). Plaintiff believed he should have been released from the Hamilton County Justice Center on or around July 27, 2007. (Doc. 6, p. 5). As a result, in August 2007, Plaintiff filed a motion for credit of time

---

[2] The Inmate Grievance Procedures provide that "[a] grievance may be initiated for an alleged violation of civil, constitutional, statutory right ...." (*See* Doc. 30-1 at p. 1, § B.) Plaintiff himself now argues in this lawsuit that his being required to serve more time than was required by his adjusted sentence constitutes a violation of his civil, constitutional and statutory rights. Hence, by his own argument, his claim was subject to mandatory participation in the grievance process.

served with respect to case number B0609384. (Doc. 6, Ex. 2, unnumbered p. 8). Judge Mallory found Plaintiff's motion to be well-taken and granted Plaintiff credit for time served for a total of 194 days credit as of the date of sentencing. (*Id.* at 13). Judge Mallory's Order was entered on September 26, 2007. (*Id*) However, Plaintiff did not file a grievance until July 3, 200**8**, claiming he should have been released from the Hamilton County Justice Center on September 28, 2007. (*Id.* at 14).

Defendant therefore maintains that Plaintiff's untimely pursuit of the administrative remedies available to him at the Hamilton County Justice Center does not meet the exhaustion standard as required under the PLRA. As the Supreme Court held in *Woodford*, Plaintiff was required to exhaust the administrative remedies available to him, even "where the relief sought - monetary damages - cannot be granted by the administrative process." 548 U.S. 81 at 85.

As noted above, Plaintiff was released from that incarceration on November 8, 2007. At no time during the two to four month period when Plaintiff alleges he was unjustly confined did Plaintiff file any grievance. It was not until July 3, 2008, during another incarceration at the Hamilton County Justice Center, under a new sentence for a new crime, that Plaintiff filed a grievance to be compensated for allegedly over-serving his previous sentence. (Doc. 30, Ex. 3, Schmitz Aff.). This grievance was denied because "this conviction was for last year." (Doc. 6-1, page 8). Plaintiff Richardson did not appeal the denial of his grievance. (Doc. 30, Ex. Schmitz Aff. at ¶ 10).

In response to Defendant's motion for summary judgment, Plaintiff argues that the

PLRA requirements are not applicable to this case. (Doc. 32, p. 4). Although Plaintiff alleges that during the time he was serving his sentence in Case B0609384 he "filed several complaints in regards to the time he was being held," he now maintains that he did not become aware of the Court's decision granting him the jail time credit until after his release from the Justice Center and thus could not utilize the grievance procedure because he was no longer an inmate under the care of defendant Leis. *Id.* However, Judge Mallory issued his decision granting Plaintiff's jail time credit on September 28, 2007, and Plaintiff was not released from the Justice Center until November 6, 2007. Thus, Plaintiff was incarcerated at the time of the decision, and he has provided no <u>evidence</u> that he failed to timely receive Judge Mallory's decision.[3]

Moreover, regardless of the failure of timeliness as to the filing of his grievance, Plaintiff fatally failed to properly exhaust his administrative remedies because he did not appeal the disposition of his July 3, 2008 grievance. (*See* Doc. 30, Schmitz Aff. at ¶ 10). Here, the inmate grievance policy at the Justice Center provides that an inmate may appeal the disposition of a grievance within 10 days of the disposition. (Doc. 30, Ex. A). Thus, Plaintiff did not complete the grievance process and therefore did properly exhaust

---

[3] Plaintiff's allegations are not supported by affidavit or other evidence as required by the Rules of Civil Procedure. *See* Fed. R. Civ. P. 56(e)(2) (Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial"). Even if *pro se*, a party must comply with the rules of procedure. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir.1980) ("we have never allowed such [*pro se*] litigants to oppose summary judgments by the use of unsworn materials.").

his administrative remedies. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1997) ("<u>an inmate cannot</u> simply fail to file a grievance or <u>abandon the process before completion and claim that he has exhausted his remedies</u> ...." (emphasis supplied) (citing *Wright v. Morris*, 111 F.3d 414, 417 n. 3 (6th Cir.), *cert denied*, 522 U.S. 906 (1997)); *see also Woodford,* 548 U.S. at 90 ("proper exhaustion of administrative remedies ... 'means using all steps that the agency holds out ....'" (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

Moreover, as discussed *supra*, Plaintiff failed to timely pursue his administrative remedies thereby failing to permit the jail officials an opportunity to address his concerns. *See Woodford ,* 548 U.S. at 90-91 (exhaustion gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of the agency's procedures).

Accordingly, in light of Plaintiff's failure to exhaust his administrative remedies, both by failing to file timely and by failing to complete the grievance process through appeal, the undersigned finds that the Defendant Leis is entitled to entry of summary judgment.

**IV**.

Accordingly, based on the foregoing**, IT IS THEREFORE RECOMMENDED THAT** Defendant's motion for summary judgment (Doc. 30) should be **GRANTED**; all other pending motions should be **DENIED** as **MOOT**;[4] and this case should be **CLOSED**.

Date: January 11, 2010                                                                  s/Timothy S. Black
                                                                                        Timothy S. Black
                                                                                        United States Magistrate Judge

---

[4] *See* Plaintiff's motion to convey Plaintiff to scheduled proceedings (**Doc. 26**), Plaintiff's motion *in limine* (**Doc. 33**), and Defendant's motion to strike (**Doc. 36**).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHNNY C. RICHARDSON,

      Plaintiff,

vs.

SIMON L. LEIS, *et al.,*

      Defendants.

Case No. 1:08-cv-600

Barrett, J.
Black, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).